IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 04-cv-02609-WYD

SAMUEL GERALD ARMIJO,

    Applicant,

v.

WARDEN: [sic] ZENON, Arkansas Valley Corr. Fac., and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER DENYING 28 U.S.C. § 2254 APPLICATION

Applicant Samuel Gerald Armijo is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Crowley, Colorado.  Mr. Armijo has filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Colorado state convictions and sentences.  In an order filed on March 8, 2005, I ordered the respondents to file an answer to the amended habeas corpus application.  On March 30, 2005, the respondents filed their answer.  On May 5, 2005, Mr. Armijo filed in response to the respondents' answer a traverse that is nearly identical to the opening brief he attaches as exhibit five to the habeas corpus application he originally filed.

I must construe liberally the amended application filed by Mr. Armijo because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be the *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the amended habeas corpus application will be denied.

### I.  Factual and Procedural Background

Mr. Armijo was convicted in 1999 by a jury in the Larimer County District Court on four counts of reckless vehicular homicide and on four lesser nonincluded counts of careless driving resulting in death. Each count related to a separate victim. The victims were three siblings—Christopher Smith, 21; Delbert Smith, 18; and Jennifer Smith, 16—and their friend Lee Ann Meriweather, 19. On March 29, 1999, Christopher Smith was driving north toward Laramie on Highway 287 when he was unable to avoid a head-on collision. All four people in the Smith car were killed. Mr. Armijo, the driver of the second car, was injured seriously in the collision.

The trial court dismissed the convictions on the four lesser nonincluded counts on the ground that punishing Mr. Armijo for both offenses with respect to each victim would violate double jeopardy and, on January 21, 2000, sentenced Mr. Armijo to four consecutive, six-year prison terms for a total of twenty-four years. The Colorado Court of Appeals affirmed the judgment of conviction on direct appeal. *See People v. Armijo*, No. 00CA0340 (Colo. Ct. App. Feb. 21, 2002) (not selected for publication). On August 26, 2002, the Colorado Supreme Court denied Mr. Armijo's petition for writ of certiorari.

During the pendency of his direct appeal, Mr. Armijo filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in which he alleged ineffective assistance of counsel. That motion was

denied for lack of jurisdiction with leave to renew after completion of direct review. On October 4, 2002, after his direct appeal concluded, Mr. Armijo filed a letter, which the trial court construed as a Colo. R. Crim. P. 35(c) motion renewing his ineffective-assistance-of-counsel claim, and summarily denied the motion. On June 24, 2004, the Colorado Court of Appeals affirmed. *See People v. Armijo*, No. 02CA2383 (Colo. Ct. App. June 24, 2004) (not selected for publication). On November 15, 2004, the Colorado Supreme Court denied certiorari review.

On December 3, 2004, Mr. Armijo mailed his original habeas corpus application, which was filed on December 17, 2004. On February 25, 2005, in response to an order by former Magistrate Judge O. Edward Schlatter for an amended application and to show cause, he filed an amended application.

In the amended application, Mr. Armijo asserts the following three claims, which he contends were raised in the state court proceedings:

1. His Fifth Amendment privilege against self-incrimination was violated because the trial court based its sentencing decision in part on his refusal to admit guilt.

2. His right to a fair trial was violated because the trial court permitted the jury to consider the offense of careless driving resulting in death as a lesser nonincluded offense of vehicular homicide but not as a lesser included offense.

3. His Sixth Amendment right to counsel was violated by trial counsel's ineffective assistance.

Respondents concede that the instant action is filed in a timely manner. *See* 28 U.S.C. § 2244(d).

## II. Exhaustion of State Remedies and Procedural Default

Respondents argue that Mr. Armijo failed to exhaust state remedies for claim two and procedurally defaulted the claim. I need not resolve these issues because claim two will be dismissed for the reasons discussed below.

### III. Standard of Review

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Armijo seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000) (Stevens, J., writing for the Court). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412 (O'Connor, J., writing for the Court). If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was

contrary to or an unreasonable application of that clearly established rule of federal law. *See id.* at 404-05.

The "contrary to" clause allows a writ of habeas corpus to issue "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently that [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. The "unreasonable application" clause allows a writ of habeas corpus to issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See id.* at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Armijo bears the burden of rebutting the presumption by clear and convincing evidence.

I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the

record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

### IV. Merits of the Claims

#### A. Claim One

Mr. Armijo first claims that his Fifth Amendment privilege against self-incrimination was violated because the trial court based its sentencing decision in part on his refusal to admit guilt. As stated earlier in this order, the threshold question pursuant to 28 U.S.C. § 2254(d)(1) is whether Mr. Armijo seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams*, 529 U.S. at 390.

The protections afforded by the Fifth Amendment during the trial phase of a criminal case apply with equal force during the sentencing phase. *Mitchell v. United States*, 526 U.S. 314, 328-29 (1999). "[T]he central purpose of the privilege—to protect a defendant from being the unwilling instrument of his or her own condemnation—remains of vital importance." *Id.* at 329. A sentencing court may not draw an adverse inference from a defendant's silence. *Id.* at 327-28. However, "whether silence bears upon the determination of a lack of remorse, or upon acceptance of responsibility . . . is a separate question" that the Supreme Court in *Mitchell* declined to reach. *Id.* at 330.

Because there is no clearly established law with regard to Mr. Armijo's Fifth Amendment claim, Mr. Armijo is unable to satisfy the requirement of 28 U.S.C. § 2254(d)(1) that the sentencing court's reliance on Mr. Armijo's statements was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."

In any case, the Colorado Court of Appeals found that the trial court based its sentencing decision on both mitigating and aggravating factors, and that the trial court did not make adverse inferences from Mr. Armijo's refusal to incriminate himself by not admitting guilt. The trial court considered Mr. Armijo's evidence of mitigation, including his military service in Vietnam and in the National Guard, statements by his family members on his behalf, his expression of remorse, and his lack of a significant criminal history. The trial court also considered evidence of the serious nature of the offenses, the fact that his conduct resulted in the deaths of four young people (three of whom were siblings), the continuing effect of the crime on the victims' families, and the need to protect the public. The trial court, while acknowledging Mr. Armijo's expression of remorse, was critical of his failure to accept responsibility for his actions, and indicated its concern that because Mr. Armijo did not "'believe and acknowledge that he was at fault, this could happen again.'" *Armijo*, No. 00CA0340, slip op. at 13. Therefore, the trial court determined that a lengthy sentence was appropriate based upon the seriousness of the crime, the impact on the victims and their families, and the need to protect the public.

As to Mr. Armijo's contention that his Fifth Amendment privilege against self-

7

incrimination was violated, the Colorado Court of Appeals specifically found as follows:

> Here, however, [Mr. Armijo] did not exercise his right to remain silent. Rather, he made a statement in allocution wherein he repeatedly asserted that he was not at fault for the victims' deaths, expressed resentment that society had not sufficiently acknowledged him as a victim of the collision, and indicated that he believed the fact that he survived the crash was evidence that God understood him to be innocent.
>
> Our review of the court's findings indicates that the trial court did not consider defendant's failure to take responsibility for his actions in and of itself as the basis for the maximum allowable presumptive sentence. Instead, the court's concern was that [Mr. Armijo's] denial would prevent him from being able to change his driving habits in such a way as to ensure the public's safety.
>
> Under these circumstances, we conclude that the trial court's consideration of [Mr. Armijo's] comments as an aggravating factor in making his sentencing determination was constitutional.

*Armijo*, No. 00CA0340, slip op. at 14-15.

Mr. Armijo fails to present clear and convincing evidence to rebut the presumption of correctness that attaches to the state court's factual determination that he did not exercise his right to remain silent. *See* 28 U.S.C. § 2254(e)(1). The above-referenced findings demonstrate that the sentencing court did not make any adverse inferences from Mr. Armijo's refusal to incriminate himself by not admitting guilt, but rather relied upon what Mr. Armijo did say to find that he continued to be a danger to the community

Mr. Armijo also appears to suggest that the trial court abused its discretion in sentencing him to four consecutive, six-year prison terms for a total of twenty-four

years. This claim does not rise to the level of a constitutional claim.

Federal courts must "afford wide discretion to the state trial court's sentencing decision." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Challenges to a state trial court's exercise of its sentencing discretion generally are not constitutionally cognizable, unless the applicant can show that the sentence imposed is outside the statutory limits or unauthorized by law. *Id.* Once the federal court determines that the sentence is within the limitation set by statute, review of the sentence ends, unless that applicant can establish that the sentencing decision was wholly void of discretion. *Id.*; *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987).

Here, Mr. Armijo's sentences are within the range authorized by statute. Reckless vehicular homicide is a class-four felony. *See* Colo. Rev. Stat. § 18-3-106(1)(a), (c) (2004). The presumptive-range sentence for a class-four felony is two to six years. *See* Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A) (2004). Applicant's six-year sentence for each count is within this range. In addition, a sentencing court is authorized to impose consecutive sentences where, as here, multiple victims are involved. *See* Colo. Rev. Stat. § 18-1-408(3) (2004). Therefore, Mr. Armijo's sentence on each count is within the limitation set by statute.

Mr. Armijo cannot establish that the court's sentencing discretion was wholly void of discretion. As the Colorado Court of Appeals found, the sentencing court's decision was based upon appropriate considerations as reflected in the record and was supported factually by the circumstances of the case. The state appeals court also found that the sentencing court weighed Mr. Armijo's evidence in mitigation against the

seriousness of the crime, its impact on the victims and their families, and the need to protect the public. This weighing process by the sentencing court constituted an exercise of discretion. Mr. Armijo's contention that the sentencing court abused its discretion fails.

Mr. Armijo fails to show that the sentence imposed on each count is outside the statutory limits or unauthorized by law. He also fails to establish that the sentencing decision was wholly void of discretion. Therefore, his challenge to the state trial court's exercise of its sentencing discretion is not constitutionally cognizable.

### B.  Claim Two

Mr. Armijo's second claim is that the trial court violated his right to a fair trial because it rejected his request that the jury be permitted to consider the offense of careless driving resulting in death as a lesser included offense of reckless vehicular homicide and instead the trial court instructed the jury to consider the offense of careless driving resulting in death as a lesser nonincluded offense. Mr. Armijo argues that "'it is impossible to tell which theory would have prevailed had the jury been required to choose between'" the greater and lesser offenses. *See Armijo*, No. 00CA0340, slip op. at 4.

The United States Supreme Court never has recognized a federal constitutional right to a lesser included offense instruction in a noncapital case. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980); *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). As a result, the United States Court of Appeals for the Tenth Circuit has "a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-

capital case, to give a lesser included offense instruction." *Hines* at 938 (citation omitted).  Therefore, this claim is nonreviewable.

### B.  Claim Three

Mr. Armijo's third claim is that his Sixth Amendment right to counsel was violated by trial counsel's ineffective assistance.  He specifically alleges that trial counsel rendered ineffective assistance by failing to conduct an independent investigation of the accident scene or to pursue Mr. Armijo's defense concerning the effects of his medication and carbon monoxide on his mental state.

It clearly was established when Mr. Armijo was convicted that a defendant has a right to effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  To establish that counsel was ineffective, Mr. Armijo must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense.  *See id.* at 687-88.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."  *Id*.  It is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances.  *See id.*  Under the prejudice prong, Mr. Armijo must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  If Mr. Armijo fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed.  *See id.* at 697.  Finally, ineffective assistance of counsel claims are mixed

questions of law and fact.  *See id.* at 698.

Mr. Armijo's ineffective assistance of counsel claim lacks merit.  The Colorado Court of Appeals applied the proper standards from *Strickland*, and rejected the ineffective-assistance-of-counsel claim, making the following findings of fact and conclusions of law:

> Here, defendant's claims are essentially bare assertions that his trial counsel was ineffective when she made the strategic decision not to use questionable exculpatory evidence provided by defendant at his trial and also when she did not adequately investigate his case.
>
> With regard to the exculpatory evidence, defendant asserts that he provided counsel with photographs that his son took of the scene that showed the victim's skid marks and the victim's car resting partially in defendant's lane of traffic.  However, defendant did not allege how these photographs differed from those presented at trial or how they would have been beneficial to his case.
>
> In addition, defendant's conclusory assertion that his trial counsel did not investigate his case is not supported by facts or by allegations as to what such an investigation would have revealed or how it would have been favorable to his case.  His specific argument that the experts retained by his attorney waited too long to investigate, until any evidence benefiting [sic] his case was "paved over," is again not supported by factual allegations as to what additional exculpatory evidence would have been revealed and, as such, amounts to mere speculation.
>
> . . . .
>
> Therefore, because our review of defendant's motion reveals that defendant fails to allege facts that would warrant him postconviction relief, we discern no error.

*Armijo*, No. 02CA2383, slip op. at 2-3.

The state court determined that Mr. Armijo failed to demonstrate that counsel's performance fell below an objective standard of reasonableness based upon counsel's failure to use Mr. Armijo's questionable exculpatory evidence and to investigate his case adequately. This determination is not contrary to or an unreasonable application of *Strickland*. Mr. Armijo has failed to overcome his burden by showing that counsel's alleged errors were not sound strategy under the circumstances. Therefore, the ineffective-assistance-of-counsel claim lacks merit, and will be dismissed. Accordingly, it is

ORDERED that the amended habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  June 2, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge